IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID RAMIREZ MARTINEZ, : 4:10-cv-626
:
    Plaintiff, :
: Hon. John E. Jones III
    v. :
: Hon. J. Andrew Smyser
B. YOST and G. DANLEY, :
:
    Defendants. :

# MEMORANDUM

## January 24, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 32), filed on January 4, 2011, which recommends that the Plaintiff's motion to voluntarily dismiss this action against all Defendants without prejudice (Doc. 28) be granted and that this action be dismissed. The Defendants concur in the Plaintiff's motion, thus, no objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by January 21, 2011.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

This is a *Bivens*[2] civil rights action brought by Plaintiff David Ramirez Martinez ("Plaintiff") involving a claim of personal injury that occurred while he

---

[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

was cleaning steam kettles in the food service department at the Allenwood Federal Correctional Complex. The Defendants are B. Yost and G. Danley, Allenwood Federal Correctional Complex food service department employees and supervisors. The Plaintiff alleges that he was instructed by the Defendants how to clean the steam kettles, and upon performing such task on May 4, 2009, he was severely burned. Plaintiff's injury required a surgical removal of skin.

The Plaintiff's complaint alleges a violation of the Eighth Amendment by the Defendants. On October 18, 2010, the Defendants filed a motion to dismiss or for summary judgment. Plaintiff requested an extension of time to respond to the Defendant's motion, which was granted.

Thereafter, the Plaintiff, through counsel, filed a motion to dismiss the complaint without prejudice. Plaintiff's retained counsel informed the Court that Plaintiff was deported to Mexico and that counsel was unable to communicate with his client, except through his client's sister. Plaintiff's counsel averred that Plaintiff has agreed to the motion to dismiss without prejudice. Defendants have filed a concurrence to the Plaintiff's motion. Accordingly, Magistrate Judge Smyser recommends that the Plaintiff's motion be granted and that this case be dismissed without prejudice.

As we have already mentioned, neither party has filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order shall issue.